## FRANKLIN HAVEN & another *vs.* BOSTON AND WORCESTER RAILROAD CORPORATION.

If a mortgagor of land leases the same for a term of years, and for a certain rent, to a third person, from whom he receives an advancement of money under an agreement that he will expend it in buildings and improvements upon the land, which is accordingly done, the lessee, after judgment has been rendered against him in a writ of entry brought by the mortgagee, cannot be allowed compensation for the buildings and improvements, although he had reason to believe that, under the terms of the mortgage, the mortgagor had a right to execute such a lease, which would be valid as against the mortgage.

WRIT OF ENTRY. After it had been determined that the demandants were entitled to recover, (4 Allen, 80,) questions arose concerning the value of the rents and profits, and of certain improvements made upon the premises, which were referred to an assessor, from whose report it appeared that the facts relating to the execution of the mortgage, the commencement of a suit for the foreclosure thereof, the rendition of conditional judgment therein, the delivery of formal possession to the demandants, and the taking and retention of the actual possession by the tenants, were the same as heretofore stated. 4 Allen, 80. *Ante*, 360.

On the 1st of July 1853, the Grand Junction Railroad and Depot Company executed a lease of the premises to the tenants, for a certain rent, for thirty years, and on the same day the parties to the lease entered into an indenture by which it was agreed, amongst other things, that the tenants, in consideration of said lease, should advance to the lessors, as a loan upon their bonds, an amount not exceeding $100,000, the avails of which bonds should be wholly expended in the construction of a certain railroad and of certain improvements and buildings to be made and erected upon the demised premises, and that the lessors should within one year erect and finish convenient warehouses upon the premises, not to exceed in cost $20,000.

There was evidence tending to show that the tenants had reason to believe that, under the terms of the mortgage, the mortgagors had a right to execute such a lease, which would be valid against the mortgagee; and the tenants claimed compensation

for the warehouses erected under the circumstances above stated. The assessor found the value of them to be $15,000; and he assessed the rents and profits, as in the preceding case. Otuer facts were also reported, upon which questions arose similar to those in the preceding case.

The questions of law arising on this report were reserved by the chief justice for the determination of the whole court.

*S. Bartlett & G. G. Hubbard,* for the demandants.

*G. S. Hale,* for the tenants.

CHAPMAN, J. The tenants claim compensation for certain buildings which they say were erected by them on the premises that have been recovered by the demandants in this action. But the evidence does not prove that the buildings were erected by them. They lent money to the mortgagors, which was to be expended in the erection of the buildings; but it was to be repaid with interest, and they were to occupy the buildings, not as their own, but as the tenants of the mortgagors, for a stipulated rent. The buildings were to be erected by the mortgagors at their own expense, and were to be their property.

The buildings were erected while the mortgagors held the land, as mortgagors in possession; not adversely to the demandants, their mortgagees, but in conformity with the terms of the mortgage. As mortgagors they were not liable to the demandants for rents and profits, nor entitled to compensation for improvements. The present tenants can have no greater claim for improvements than their landlords had. After the rights of the parties were conclusively settled by the conditional judgment, and the demandants had taken possession of the premises under their *habere facias,* the tenants disseised them, and the present action relates merely to that disseisin. The demandants cannot recover for rents and profits prior to it, nor can any prior improvements be considered. Nor is there any equity in the claim of the tenants for compensation for improvements. For the demandants will hold all sums recovered by them for rents and profits in trust to apply to their debt, and the tenants, in their bill in equity to redeem the premises, will have the benefit of it, and, when they redeem, the buildings will be theirs, to hold

according to the terms of their lease. Some of the points that arise in this case are discussed in the case of these demandants against Adams and another, *ante,* 363. The report must be recommitted, in order that the assessor may ascertain and report the amount of rents and profits to the time of entering up judgment.